UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.

OSMAYDA VARGAS,

       Plaintiff,

v.

MAROD SUPERMARKETS, INC. d/b/a
Presidente Supermarket # 5,

       Defendant.

## COMPLAINT

Plaintiff OSMAYDA VARGAS ("Plaintiff") sues defendant MAROD SUPERMARKETS, INC. d/b/a Presidente Supermarket # 5 ("Defendant") and alleges as follows:

### NATURE OF ACTION

1. This action involves the application of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA").

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(3) and (4) and 28 U.S.C. § 2617.

3. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district and because Defendant has its principal place of business within the district, resides in the judicial district and because the employment records of Plaintiff are stored or have been administered in Miami-Dade County.

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Suite 800    Telephone: 305.503.5131
Aventura, Florida 33180    Facsimile: 888.270.5549

## PARTIES

4. At all times material, Plaintiff was and is a resident of Miami-Dade County, Florida.

5. At all times material, Defendant was a Florida Corporation, having its main place of business in Miami-Dade County, Florida.

6. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

7. At all times material, Defendant was an "employer" as defined by the FMLA, 29 U.S.C. § 2611(4).

8. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

## GENERAL ALLEGATIONS

9. At all times material, Plaintiff was employed by Defendant as a maintenance worker from on or about April 18, 2015, until her wrongful termination on or about April 16, 2019.

10. Plaintiff performed her work admirably and was revered by her colleagues with whom she worked.

11. In or about October of 2018, doctors discovered Plaintiff had a tumor in her ovaries.

12. Plaintiff immediately informed Defendant of her diagnosis.

13. In or about January of 2019, Plaintiff had surgery and was forced to take a leave for three (3) weeks.

2

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Suite 800        Telephone: 305.503.5131
Aventura, Florida 33180                Facsimile: 888.270.5549

14. In or about January of 2019, Plaintiff had to take another weeklong leave when she was hospitalized again.

15. Plaintiff returned to work for Defendant after only a one-month leave.

16. Shortly upon her return from leave, Defendant began falsely accusing Plaintiff of stealing.

17. On or about April 16, 2019, Plaintiff informed Defendant that she needed to have surgery the following week and would be required to take leave. Later that day, Defendant terminated Plaintiff's employment because she allegedly stole property from its premises. However, this was clearly pretextual.

## COUNT I: INTERFERENCE WITH FMLA RIGHTS

18. Plaintiff repeats and re-alleges paragraphs 1-17 as if fully stated herein.

19. Plaintiff was an "eligible employee" and entitled to leave under the FMLA.

20. At all times material, Plaintiff gave proper notice to Defendant by informing Defendant of her serious medical condition.

21. Plaintiff provided enough information for Defendant to know that her potential leave may be covered by the FMLA.

22. Defendant was aware that Plaintiff was unable to work due to her medical condition.

23. At all times material hereto, Plaintiff communicated with Defendant regarding her serious medical condition.

24. Defendant had knowledge of Plaintiff's serious medical condition and the reason for Plaintiff's absences and upcoming absence from work.

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Suite 800   Telephone: 305.503.5131
Aventura, Florida 33180   Facsimile: 888.270.5549

25. Despite its knowledge of Plaintiff's serious medical condition, Defendant failed to notify Plaintiff of her eligibility status and failed to afford Plaintiff the opportunity to request and obtain approval for leave when she was terminated shortly after informing Defendant that she needed to have surgery and take leave the following week.

26. By failing to notify Plaintiff of her eligibility status, by preventing Plaintiff from requesting leave, and by terminating Plaintiff, Defendant interfered with Plaintiff's right to take leave under the FMLA — thereby denying Plaintiff the benefits to which she was lawfully entitled.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FMLA;

B. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

C. Award Plaintiff liquidated damages based on Defendant's conduct;

D. Award Plaintiff prejudgment interest on her damages award;

E. Award Plaintiff reasonable costs and attorney's fees;

F. Award Plaintiff any further relief pursuant to the FMLA; and,

G. Grant Plaintiff such other and further relief, as deemed equitable and just.

## COUNT II: VIOLATION OF THE FMLA – RETALIATION

27. Plaintiff repeats and re-alleges paragraphs 1-17 as if fully stated herein.

28. Plaintiff's medical condition was sufficiently severe that she was entitled to take leave pursuant to the FMLA.

29. Plaintiff was eligible to take FMLA leave with Defendant.

4

30. In or about January of 2019, Plaintiff had surgery and was forced to take a leave for three (3) weeks.

31. In or about January of 2019, Plaintiff had to take another weeklong leave when she was hospitalized again.

32. On or about April 16, 2019, Plaintiff informed Defendant that she needed to have surgery the following week and would be required to take leave. Notifying Defendant of her serious health condition, of her need for hospitalization, of her need for leave to recover from hospitalization, and the need for additional leave for surgery, satisfy the notice requirements of the FMLA for employees.

33. Defendant terminated Plaintiff immediately after she requested and then took FMLA leave.

34. Defendant terminated Plaintiff because she requested or took FMLA leave as described above.

35. The termination was, in whole or in part, because Plaintiff requested FMLA leave.

36. As a direct and proximate result of the intentional violations by Defendant of Plaintiff's rights under the FMLA, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FMLA;

B. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

C. Award Plaintiff liquidated damages based on Defendant's conduct;

5

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Suite 800        Telephone: 305.503.5131
Aventura, Florida 33180                Facsimile: 888.270.5549

    D.  Order reinstatement;

    E.  Award Plaintiff prejudgment interest on her damages award;

    F.  Award Plaintiff reasonable costs and attorney's fees;

    G.  Award Plaintiff any further relief pursuant to the FMLA; and,

    H.  Grant Plaintiff such other and further relief, as deemed equitable and just.

## JURY TRIAL DEMAND

Plaintiff OSMAYDA VARGAS requests a trial by jury on all issues so triable.

Dated: July 5, 2019.

Respectfully submitted,

By: /s/ R. Martin Saenz
R. Martin Saenz, Esquire
Fla. Bar No.: 640166
E-mail: msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549